# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ABNER CALLOWAY, JIMMY BAILEY, ANDREW BLACK, FREDRICK BRINSON, LARRY BROWN, KEYVUS BRYANT, LINCON CAMPBELL, LEWIS CARTER, NATHAN L CHANDLER, MARCOS COATES, JAMES CRAYTON, DARRELL DAVIS, GEORGE DAVIS, HAROLD FIELDS, PRINCE FRALEY, ALEXANDER GONZALEZ, CHANSELOR GORDON, ANTONIO HALE, BRESHAND HARRIS, RANDAL HAYES, DAMIEN IRVEN, MARLON JACKSON, WILKIE JEWETT JR., TYLER KIRKLAND, ANTROINE LANE, MONTARI LEONARD, WESNY LOUIME, ANDREW LOUISSANT, FARDENS PIERRE LOUISSAINT, MICHAEL LYONS, LUIS ANTONIO MARTINEZ, EDDIE MAY, DARNELL MCCURDY, SEAN MCKINNEY, JOHNATHAN MILLS, ENOCH MITCHELL, TERRY MITCHELL, YASMANY MONTALVO, NATHANIEL MOORE III, ALBERT MORELAND, LUIS IRIZARRY NAZARIO, HOLIJIU ONONIWU,  DONALD REED, DAVID RICE, BRYAN RICHARDSON, EDWIN RODRIGUEZ, MARCOS RODRIGUEZ, ANTONIO SANDERS, PAUL SEPULVEDA, GEORGE SMITH, MARCUS SMOTHERS, AUDREAUS SOL, DELARRIAN STALLWORTH, LEAENARD TOSEN III, JASON VALENTINE, VIRGIL WARREN, FRANK WEATHER JR., JOSEPH WILLIAMS, MELVIN WILLIAMS, DUANE WILSON, RAY WOLFORK, and KACEY YATES | CIVIL ACTION NO: <br><br> **JURY TRIAL DEMANDED** |
|         Plaintiffs, <br><br> v. <br><br><br> WASTE PRO USA, INC., and <br> WASTE PRO OF FLORIDA, INC., <br><br>         Defendants. | |

## COMPLAINT

Plaintiffs Abner Calloway, *et al.*, by their attorneys, file this Complaint against

Defendants Waste Pro USA, Inc., (hereinafter "Waste Pro USA") and Waste Pro of Florida, Inc.,

(hereinafter "Waste Pro Florida")  (collectively, "Defendants" or "Waste Pro"), seeking all

available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq*.

The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are

made on information and belief as to others.[1]

## NATURE OF THE ACTION

1.      Plaintiffs each worked for Waste Pro as Helpers[2] who were paid a daily rate or

"day rate." Plaintiffs also each worked at a location that had a policy or practice to either pay a

"half-day rate"[3] or pay non-discretionary bonuses.

2.      All Helpers were paid overtime wages at a rate of half of their regular rate, rather

than at a rate of time-and-a-half their regular rate.

3.      Waste Pro USA and Waste Pro Florida jointly and severally violated the FLSA by

failing to pay Plaintiffs the legally required amount of overtime compensation in an amount

required by law for all hours worked over forty in a workweek.  Plaintiffs are entitled to unpaid

overtime wages for hours worked above forty in a workweek, and to liquidated damages

pursuant to the FLSA.

4.      By the conduct described in this Complaint, Defendants violated and continue to

---

[1]      All of the Plaintiffs were previously Opt-In Plaintiffs in the *Thomas v. Waste Pro USA, Inc., et al.* action, No. 8:17-cv-2254 (M.D. Fla.).  That case was proceeding as a collective action and was decertified.  Plaintiffs are now re-filing their claims through this Complaint with the benefit of tolling of their claims through the *Thomas* action.

[2]      Unless otherwise stated, "Helpers" shall be defined as those employed as Helpers and also paid a day rate.  A "day rate" is a flat amount of money to perform work on a particular day. Thus, these allegations do not relate to any time period during which Plaintiffs were employed as Helpers and not paid a day rate or employed by Defendants in any other position other than Helper.

[3]      The "half-day rate" shall be defined as half of the Helpers' day rate.

violate the FLSA by failing to pay Plaintiffs proper overtime wages as required by law.

5.      Plaintiffs bring this action pursuant to the FLSA, and specifically 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1337.

7.      This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8.      Defendants are subject to personal jurisdiction in Florida.

9.      Defendants maintain places of business in Florida.

10.     Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391.

11.     A substantial part of the events or omissions giving rise to claims in this Complaint occurred in this District.

## THE PARTIES

*Plaintiffs*

*Plaintiff Abner Calloway*

12.     Plaintiff Abner Calloway is an adult individual who is a resident of Sanford, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

13.     Plaintiff is a covered employee within the meaning of the FLSA.

14.     Plaintiff was employed by Defendants as a Helper in Florida from approximately April 2016 to at least August 2019.

15.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

16.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

17.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Jimmy Bailey*

18.     Plaintiff Jimmy Bailey is an adult individual who is a resident of Palm Coast, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

19.     Plaintiff is a covered employee within the meaning of the FLSA.

20.     Plaintiff was employed by Defendants as a Helper in Florida from approximately November 2014 to February 2019.

21.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

22.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

23.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Andrew Black*

24.     Plaintiff Andrew Black is an adult individual who is a resident of Deland, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

25.     Plaintiff is a covered employee within the meaning of the FLSA.

26.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately February 2014 to at least July 2019.

27.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

28.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

29.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Frederick Brinson*

30.     Plaintiff Frederick Brinson is an adult individual who is a resident of Sanford, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

31.     Plaintiff is a covered employee within the meaning of the FLSA.

32.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately November 2015 to at least April 2019.

33.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

34.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

35.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Larry Brown*

36.     Plaintiff Larry Brown is an adult individual who is a resident of Orlando, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

37.     Plaintiff is a covered employee within the meaning of the FLSA.

38.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately January 2006 to at least July 2019. While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

39.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

40.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Keyvus Bryant*

41.     Plaintiff Keyvus Bryant is an adult individual who is a resident of Orlando,

Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this

action.

42.     Plaintiff is a covered employee within the meaning of the FLSA.

43.     Plaintiff has been employed by Defendants as a Helper in Florida from

approximately May 2005 to at least July 2019.

44.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified

as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

45.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently

worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular

rate of pay as described in Paragraph 526, *infra*.

46.     While Plaintiff was employed by Defendants as a Helper during the time period

relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if

Plaintiff worked less than four hours on that particular day.

*Plaintiff Lincon Campbell*

47.     Plaintiff Lincon Campbell is an adult individual who is a resident of Ocoee,

Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this

action.

48.     Plaintiff is a covered employee within the meaning of the FLSA.

49.     Plaintiff has been employed by Defendants as a Helper in Florida from

approximately April 2016 to January 2017.

50.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified

as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

51.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

52.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Lewis Carter*

53.     Plaintiff Lewis Carter is an adult individual who is a resident of Fort Walton Beach, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

54.     Plaintiff is a covered employee within the meaning of the FLSA.

55.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately May 2015 to February 2018.

56.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

57.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

58.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Nathan L Chandler*

59.     Plaintiff Nathan L. Chandler is an adult individual who is a resident of Port St. Lucie, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

60.     Plaintiff is a covered employee within the meaning of the FLSA.

61.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately February 2016 to January 2017.

62.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

63.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

64.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Marcos Coates*

65.     Plaintiff Marcos Coates is an adult individual who is a resident of Leonardtown, Maryland, and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

66.     Plaintiff is a covered employee within the meaning of the FLSA.

67.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately March 2013 to November 2015.

68.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified

as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

69.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

70.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff James Crayton*

71.     Plaintiff James Crayton is an adult individual who is a resident of West Palm Beach, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

72.     Plaintiff is a covered employee within the meaning of the FLSA.

73.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately August 2016 to October 2016.

74.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

75.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

76.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Darrell Davis*

77.     Plaintiff Darrell Davis is an adult individual who is a resident of Orlando, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

78.     Plaintiff is a covered employee within the meaning of the FLSA.

79.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately July 2013 to at least July 2019.

80.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

81.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

82.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff George Davis*

83.     Plaintiff George Davis is an adult individual who is a resident of Fort Myers, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

84.     Plaintiff is a covered employee within the meaning of the FLSA.

85.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately June 2014 to January 2017.

86.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

87.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

88.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Harold Fields*

89.     Plaintiff Harold Fields is an adult individual who is a resident of Jacksonville, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

90.     Plaintiff is a covered employee within the meaning of the FLSA.

91.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately December 2011 to at least July 2019.

92.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

93.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

94.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Prince Fraley*

95.     Plaintiff Prince Fraley is an adult individual who is a resident of Jacksonville, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

96.     Plaintiff is a covered employee within the meaning of the FLSA.

97.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately beginning on or about October 2007 to at least August 2019.

98.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

99.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

100.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Alexander Gonzalez*

101.    Plaintiff Alexander Gonzalez is an adult individual who is a resident of Lehigh Acres, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

102.    Plaintiff is a covered employee within the meaning of the FLSA.

103.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately March 2016 to November 2016.

104.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified

as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

105.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

106.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Chanselor Gordon*

107.    Plaintiff Chancelor Gordon is an adult individual who is a resident of Sanford, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

108.    Plaintiff is a covered employee within the meaning of the FLSA.

109.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately January 2017 to September 2017.

110.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

111.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

112.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Antonio Hale*

113.    Plaintiff Antonio Hale is an adult individual who is a resident of Evansville, Indiana and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

114.    Plaintiff is a covered employee within the meaning of the FLSA.

115.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately April 2016 to September 2016.

116.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

117.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

118.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Breshand Harris*

119.    Plaintiff Breshand Harris is an adult individual who is a resident of West Park, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

120.    Plaintiff is a covered employee within the meaning of the FLSA.

121.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately June 2016 to June 2017.

122.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified

as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

123.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

124.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Randal Hayes*

125.    Plaintiff Randal Hayes is an adult individual who is a resident of Jacksonville, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

126.    Plaintiff is a covered employee within the meaning of the FLSA.

127.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately May 2012 to October 2017.

128.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

129.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

130.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Damien Irven*

131.    Plaintiff Damien Irven is an adult individual who is a resident of Daytona Beach, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

132.    Plaintiff is a covered employee within the meaning of the FLSA.

133.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately April 2017 to at least July 2019.

134.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

135.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

136.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Marlon Jackson*

137.    Plaintiff Marlon Jackson is an adult individual who is a resident of Cape Coral, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

138.    Plaintiff is a covered employee within the meaning of the FLSA.

139.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately December 2014 to September 2018.

140.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified

as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

141.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

142.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Wilkie Jewett Jr.*

143.    Plaintiff Wilkie Jewett Jr. is an adult individual who is a resident of Fort Myers, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

144.    Plaintiff is a covered employee within the meaning of the FLSA.

145.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately September 2016 to March 2017.

146.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

147.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

148.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Tyler Kirkland*

149.    Plaintiff Tyler Kirkland is an adult individual who is a resident of Ocala, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

150.    Plaintiff is a covered employee within the meaning of the FLSA.

151.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately July 2016 to at least June 2019.

152.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

153.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

154.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Antroine Lane*

155.    Plaintiff Antroine Lane is an adult individual who is a resident of Ocala, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

156.    Plaintiff is a covered employee within the meaning of the FLSA.

157.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately September 2014 to at least June 2019.

158.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

159.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular

rate of pay as described in Paragraph 526, *infra*.

160.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Montari Leonard*

161.    Plaintiff Montari Leonard is an adult individual who is a resident of Deland, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

162.    Plaintiff is a covered employee within the meaning of the FLSA.

163.    Plaintiff has been employed by Defendants as a Helper in Florida beginning on or about December 21, 2016 and ending on or about Mary 19, 2017.

164.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

165.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

166.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Wesny Louime*

167.    Plaintiff Wesny Louime is an adult individual who is a resident of Lake Worth, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

168.    Plaintiff is a covered employee within the meaning of the FLSA.

169.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately beginning on or about August 2016 and ending on or about to July 2017.

170.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

171.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

172.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Andrew Louissaint*

173.    Plaintiff Andrew Louissaint is an adult individual who is a resident of Orlando, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

174.    Plaintiff is a covered employee within the meaning of the FLSA.

175.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately May 2010 to January 2018.

176.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

177.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

178.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Fardens Pierre Louissaint*

179.    Plaintiff Fardens Pierre Louissaint is an adult individual who is a resident of West Park, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

180.    Plaintiff is a covered employee within the meaning of the FLSA.

181.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately December 2011 to at least July 2019.

182.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

183.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

184.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Michael Lyons*

185.    Plaintiff Michael Lyons is an adult individual who is a resident of Pensacola, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

186.    Plaintiff is a covered employee within the meaning of the FLSA.

187.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately beginning on or about September 2015 and ending on or about to March 2016.

188.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

189.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

190.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Luis Antonio Martinez*

191.     Plaintiff Luis Antonio Martinez is an adult individual who is a resident of Port St. Lucie, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

192.     Plaintiff is a covered employee within the meaning of the FLSA.

193.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately July 2014 to July 2016.

194.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

195.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

196.     While Plaintiff was employed by Defendants as a Helper during the time period

relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Eddie May*

197.    Plaintiff Eddie May is an adult individual who is a resident of South Daytona, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

198.    Plaintiff is a covered employee within the meaning of the FLSA.

199.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately October 2011 to at least July 2019.

200.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

201.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

202.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Darnell McCurdy*

203.    Plaintiff Darnell McCurdy is an adult individual who is a resident of Port St. Joe, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

204.    Plaintiff is a covered employee within the meaning of the FLSA.

205.    Plaintiff has been employed by Defendants as a Helper in Florida from

approximately October 2016 to February 2018.

206.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

207.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

208.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Sean McKinney*

209.    Plaintiff Sean McKinney is an adult individual who is a resident of West Park, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

210.    Plaintiff is a covered employee within the meaning of the FLSA.

211.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately October 2016 to at least July 2019.

212.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

213.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

214.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if

Plaintiff worked less than four hours on that particular day.

*Plaintiff Johnathan Mills*

215.    Plaintiff Johnathan Mills is an adult individual who is a resident of Daytona Beach, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

216.    Plaintiff is a covered employee within the meaning of the FLSA.

217.    Plaintiff has been employed by Defendants as a Helper in Florida from February 2016, to at least August 2019.

218.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

219.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

220.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Enoch Mitchell*

221.    Plaintiff Enoch Mitchell is an adult individual who is a resident of Jacksonville, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

222.    Plaintiff is a covered employee within the meaning of the FLSA.

223.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately May 2010 to April 2016.

224.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

225.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

226.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Terry Mitchell*

227.     Plaintiff Terry Mitchell is an adult individual who is a resident of Orlando, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

228.     Plaintiff is a covered employee within the meaning of the FLSA.

229.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately April 2006 to at least July 2019.

230.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

231.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

232.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Yasmany Montalvo*

233.    Plaintiff Yasmany Montalvo is an adult individual who is a resident of Lehigh Acres, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

234.    Plaintiff is a covered employee within the meaning of the FLSA.

235.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately September 2016 to October 2016.

236.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

237.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

238.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Nathaniel Moore III*

239.    Plaintiff Nathaniel Moore III is an adult individual who is a resident of Orlando, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

240.    Plaintiff is a covered employee within the meaning of the FLSA.

241.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately December 2011 to at least July 2019.

242.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified

as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

243.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

244.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Albert Moreland*

245.    Plaintiff Albert Moreland is an adult individual who is a resident of West Palm Beach, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

246.    Plaintiff is a covered employee within the meaning of the FLSA.

247.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately October 2008 to February 2017.

248.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

249.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

250.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Luis Irizarry Nazario*

251.    Plaintiff Luis Irizarry Nazario is an adult individual who is a resident of Lehigh Acres, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

252.    Plaintiff is a covered employee within the meaning of the FLSA.

253.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately June 2013 to July 2017.

254.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

255.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

256.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Holijiu Ononiwu*

257.    Plaintiff Holijiu Ononiwu is an adult individual who is a resident of Sanford, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

258.    Plaintiff is a covered employee within the meaning of the FLSA.

259.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately June 2016 to July 2016.

260.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified

as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

261.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

262.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Donald Reed*

263.    Plaintiff Donald Reed is an adult individual who is a resident of Bradenton, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

264.    Plaintiff is a covered employee within the meaning of the FLSA.

265.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately July 2015 to May 2016.

266.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

267.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

268.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff David Rice*

269.     Plaintiff David Rice is an adult individual who is a resident of Wewahitchka, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

270.     Plaintiff is a covered employee within the meaning of the FLSA.

271.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately October 2016 to March 2018.

272.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

273.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

274.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Bryan Richardson*

275.     Plaintiff Bryan Richardson is an adult individual who is a resident of Sanford, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

276.     Plaintiff is a covered employee within the meaning of the FLSA.

277.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately June 2016 to July 2016.

278.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified

as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

279.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

280.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Edwin Rodriguez*

281.    Plaintiff Breshand Harris is an adult individual who is a resident of Orlando, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

282.    Plaintiff is a covered employee within the meaning of the FLSA.

283.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately December 2008 to June 2016.

284.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

285.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

286.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Marcos Rodriguez*

287.    Plaintiff Marcos Rodriguez is an adult individual who is a resident of Port St. Lucie, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

288.    Plaintiff is a covered employee within the meaning of the FLSA.

289.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately beginning on or about June 2016 to about January 2018.

290.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

291.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

292.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Antonio Sanders*

293.    Plaintiff Antonio Sanders is an adult individual who is a resident of Fort Myers, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

294.    Plaintiff is a covered employee within the meaning of the FLSA.

295.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately September 2016 to January 2017.

296.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified

as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

297.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

298.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Paul Sepulveda*

299.    Plaintiff Paul Sepulveda is an adult individual who is a resident of Miami, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

300.    Plaintiff is a covered employee within the meaning of the FLSA.

301.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately November 2014 to March 2016.

302.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

303.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

304.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff George Smith*

305.     Plaintiff George Smith is an adult individual who is a resident of North Miami, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

306.     Plaintiff is a covered employee within the meaning of the FLSA.

307.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately August 2015 to April 2018.

308.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

309.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

310.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Marcus Smothers*

311.     Plaintiff Marcus Smothers is an adult individual who is a resident of Winter Haven, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

312.     Plaintiff is a covered employee within the meaning of the FLSA.

313.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately November 2014 to March 2018.

314.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

315.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours. Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

316.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Audreaus Sol*

317.     Plaintiff Andrew Louissaint is an adult individual who is a resident of Daytona Beach, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

318.     Plaintiff is a covered employee within the meaning of the FLSA.

319.     Plaintiff has been employed by Defendants as a Helper in Florida from approximately September 2015 to at least July 2019.

320.     While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

321.     While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours. Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

322.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

323.     While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if

Plaintiff worked less than four hours on that particular day.

*Plaintiff Delarrian Stallworth*

324.    Plaintiff Delarrian Stallworth is an adult individual who is a resident of Pensacola, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

325.    Plaintiff is a covered employee within the meaning of the FLSA.

326.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately February 2014 to June 2018.

327.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

328.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

329.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Leaenard Tossen III*

330.    Plaintiff Leaenard Tossen III is an adult individual who is a resident of Orlando, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

331.    Plaintiff is a covered employee within the meaning of the FLSA.

332.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately August 2005 to at least July 2019.

333.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

334.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

335.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Jason Valentine*

336.    Plaintiff Jason Valentine is an adult individual who is a resident of Port St. Lucie, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

337.    Plaintiff is a covered employee within the meaning of the FLSA.

338.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately February 2014 to August 2018.

339.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

340.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

341.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Virgil Warren*

342.    Plaintiff Virgil Warren is an adult individual who is a resident of Daytona Beach, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

343.    Plaintiff is a covered employee within the meaning of the FLSA.

344.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately September 2014 to at least June 2019

345.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

346.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

347.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Frank Weather Jr.*

348.    Plaintiff Frank Weather Jr. is an adult individual who is a resident of Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

349.    Plaintiff is a covered employee within the meaning of the FLSA.

350.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately September 2013 to February 2017.

351.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

352.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

353.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Joseph Williams*

354.    Plaintiff Joseph Williams is an adult individual who is a resident of Sanford, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

355.    Plaintiff is a covered employee within the meaning of the FLSA.

356.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately July 2017 to September 2018.

357.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

358.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

359.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Melvin Williams*

360.    Plaintiff Melvin Williams is an adult individual who is a resident of Jacksonville, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

361.    Plaintiff is a covered employee within the meaning of the FLSA.

362.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately October 2007 to at least June 2019.

363.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

364.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

365.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Duane Wilson*

366.    Plaintiff Duane Wilson is an adult individual who is a resident of Groveland, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

367.    Plaintiff is a covered employee within the meaning of the FLSA.

368.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately August 2006 to at least August 2019.

369.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified

as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

370. While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours. Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

371. While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Ray Wolfork*

372. Plaintiff Ray Wolfork is an adult individual who is a resident of Riviera Beach, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

373. Plaintiff is a covered employee within the meaning of the FLSA.

374. Plaintiff has been employed by Defendants as a Helper in Florida from approximately September 2013 to November 2017.

375. While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

376. While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours. Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

377. While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

*Plaintiff Kacey Yates*

378.    Plaintiff Kacey Yates is an adult individual who is a resident of Tallahassee, Florida and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

379.    Plaintiff is a covered employee within the meaning of the FLSA.

380.    Plaintiff has been employed by Defendants as a Helper in Florida from approximately January 2017 to at least July 2019.

381.    While Plaintiff was employed by Defendants as a Helper, Plaintiff was classified as non-exempt and, during the time period relevant to this Complaint, was paid a day rate.

382.    While Plaintiff was employed by Defendants as a Helper, Plaintiff frequently worked overtime hours.  Defendants paid Plaintiff overtime at a rate of half of Plaintiff's regular rate of pay as described in Paragraph 526, *infra*.

383.    While Plaintiff was employed by Defendants as a Helper during the time period relevant to this Complaint, Defendants' policy and practice was to pay Plaintiff a half day rate if Plaintiff worked less than four hours on that particular day.

**Defendants**

384.    Defendant Waste Pro USA, Inc. is a corporation organized and existing under the laws of the state of Florida. Defendant Waste Pro USA, Inc. is licensed and registered to do business in Florida, with headquarters in Longwood, Florida.  Defendant Waste Pro USA, Inc. provides garbage and waste removal services throughout the southeastern United States, including Florida, Mississippi, Tennessee, Louisiana, Arkansas, South Carolina, North Carolina, Alabama and Georgia.

385.    Defendant Waste Pro Florida, Inc. is a corporation organized and existing under

the laws of the state of Florida.  Defendant Waste Pro Florida, Inc. is licensed and registered to

do business in Florida, with headquarters in Longwood, Florida.  Defendant Waste Pro Florida,

Inc. provides garbage and waste removal services throughout the state of Florida.

386.    Defendants are integrated enterprises engaged in commerce within the meaning of

the FLSA because, among other reasons, they have had employees engaged in commerce or in

the production of goods for commerce, or employees handling, selling, or otherwise working on

goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C.

§ 203(s)(1).

387.    Throughout the relevant period, Defendants have been covered employers as that

term is used within the meaning of the FLSA and all other relevant laws.

388.    Throughout the relevant period, Defendants' annual gross volume of sales made,

or business done was not less than $500,000.

389.    At all relevant times, Defendants have employed and/or jointly employed Plaintiff

and the similarly situated employees.

390.    Waste Pro USA's website advertises that it operates from more than 75 locations

across the Southeast.  *See* [www.wasteprousa.com/the-waste-pro-way/](www.wasteprousa.com/the-waste-pro-way/) (last visited June 5, 2020).

391.    Waste Pro USA's website does not differentiate between different Waste Pro

entities but promotes Waste Pro USA's services as one common business purpose across the

states in which it does business.  *Id.*

392.    Defendants do business under the brand, trade name or mark of "Waste Pro."

393.    Upon information and belief, Waste Pro Florida is a subsidiary of Waste Pro

USA.

394.    Upon information and belief, Defendants share the same management and executive offices.

395.    Upon information and belief, Defendants administers their human resources functions using the same personnel at their executive offices.

396.    Each Defendant employed or acted in the interest of an employer towards Plaintiffs and, directly or indirectly, jointly and severally, including without limitation, controlled and directed the terms of employment and compensation of Plaintiffs.

397.    Upon information and belief, Defendants operate in concern in a common enterprise and through related activities, so that the actions of one may be imputed to the other and/or so they operate as joint employers within the meaning of the FLSA.

398.    Defendants each had the power to control the terms and conditions of employment of Plaintiffs, including, without limitation, those terms and conditions related to the claims alleged herein.

399.    Defendants maintained control and oversight over Plaintiffs, including timekeeping, payroll, compensation, overtime pay, and the other employment practices.

400.    Upon information and belief, Defendants' business is a centralized, top-down operation controlled by Defendants.

401.    All of the work that Plaintiffs performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs have performed.

## PLAINTIFF'S FACTUAL ALLEGATIONS

402.    Plaintiffs regularly worked more than 40 hours per workweek for Defendants as Helpers.

403.    Plaintiffs are paid bi-weekly.

404.    Plaintiffs are supposedly paid a "day rate," which was supposed to be a flat rate for a day's work, regardless of the number of hours worked.  However, if Plaintiffs worked less than four hours on any particular day, Defendants' policy and practice was to cut Plaintiffs' day rate in half and pay Plaintiffs a half day rate.

405.    For example, during the two week pay period of July 3, 2016 to July 16, 2016, instead of receiving his day rate of $102.00 for all days worked during the pay period, Plaintiff Antroine Lane received $51.00 for one day of work in which he worked less than 4 hours during that day.   Other Plaintiffs (including Alexander Gonzalez, Andrew Louissant, Breshad Harris, Chanselor Gordon, Delarrian Stallworth, Demario Sims, Duane Wilson, Eddie May, Frederick Brinson, Leaenard Tosen III, Luis Antonio Martinez, Marcos Coates, Marlon Jackson, Randal Hayes, and Virgil Warren) who worked less than 4.0 hours on certain days also received one-half of their day rate for such days.

406.    Defendant Waste Pro USA, Inc.'s Director of Payroll and Systems Automation, Judi Craigo, sent e-mail correspondence setting forth Defendants' day rate policy which demonstrates that the half-day pay practice is tied to the number of hours worked in a day.  Ms. Craigo states that if a day rate employee (like all Plaintiffs) worked "less than 4.0 hours" then they would receive pay at their half day rate.  In that same e-mail, Ms. Craigo stated that if a day rate employee (like all Plaintiffs) worked "4 hours or more," then they day would receive pay at their full day rate.

407.    Defendants maintained this half day rate pay practice until on or about July 12, 2017.

408.    When Plaintiffs worked overtime hours, Defendants calculated their regular rates of pay by dividing their total pay for the two-week pay period by the total number of hours

worked and Defendants then paid overtime wages at a rate of one-half of their regular rates of pay.

409.    The "days" that Plaintiffs work are counted by Defendants as shifts.

410.    The day rate that Defendants paid Plaintiffs appears to be intended to pay them for a normal workday of 8 hours.

411.    The "day rate" is cut in half when they work less than 4 hours.

412.    A day rate compensation plan requires a flat sum for a day's work without regard to the number of hours worked in the day.    29 C.F.R. §778.112.    Plaintiffs were not paid a flat sum for a day's work without regard to the number of hours worked in the day in violation of the day rate provisions of the FLSA.

413.    Because Defendants violated 29 C.F.R. §778.112 by not paying Plaintiffs a full day rate when they work less than 4.0 hours in a day, Defendants violated the FLSA and must pay overtime wages at time and one-half rate for all overtime hours worked by Plaintiffs.

414.    In addition to paying the foregoing compensation to Plaintiffs, Defendants also pay non-discretionary bonuses to Plaintiffs.  These bonuses include, but are not limited to, safety/performance bonuses and help bonuses.

415.    Safety or performance bonuses are not discretionary in nature under 29 C.F.R. § 778.211 because they are promised to Plaintiffs for performing work without any safety infractions, and for working complete workweeks without missing any days.

416.    These safety/performance bonuses are "additional compensation" that violate the FLSA's day rate regulation and are not in compliance with the day rate provision of 29 C.F.R. § 778.112.

417.    For example, on September 11, 2016, Plaintiff Albert Moreland was paid a

safety/performance bonus.  Other Plaintiffs (including Anthony Rodriguez, Breshad Harris, Fardens Pierre Louissaint, George Smith, James Crayton, Jason Valentine, Marcos Rodriguez, Nathan L Chandler, Ray Wolfork, Sean McKinney, and Wesny Louime) were also paid a safety/performance bonus.

418.    Help bonuses are not discretionary in nature under 29 C.F.R. § 778.211 because they are promised to Plaintiffs who assist on a route not initially assigned to them that is in need of help.

419.    Help bonuses are "additional compensation" that violate the FLSA's day rate regulation and are not in compliance with the day rate provision of 29 C.F.R. § 778.112.

420.    For example, on May 19, 2018, Plaintiff Abner Calloway was paid a help bonus. Other Plaintiffs (including Alfred Thomas, Andrew Black, Andrew Louissaint, Anthony Rodriguez, Antroine Lane, Audreaus Sol, Breshad Harris, Damien Irven, Darnell, McCurdy, Darrell Davis, David Rice, Delarrian Stallworth, Duane Wilson, Eddie May, Edwin Rodriguez, Fardens Pierre Louissaint, George Smith, Harold Fields, Jason Valentine, Jimmy Bailey, Johnathan Mills, Joseph Williams, Kacey Yates, Keyvus Bryant, Larry Brown, Leaenard Tosen III, Lewis Carter, Marcos Rodriguez, Marcus Smothers, Marlon Jackson, Melvin Williams, Nathan L Chandler, Nathaniel Moore III, Prince Fraley, Randal Hayes, Ray Wolfork, Sean McKinney, Taiwan Daniels, Terry Mitchell, Tyler Kirkland, Virgil Warren, Wesny Louime) were also paid a help bonus.

421.    The unlawful policies described in this Complaint applied to Plaintiffs.

422.    The unlawful policies described above include Defendants not paying a true day rate as Defendants required a certain number of hours to be worked on a given day in order to pay the full day's wage; Defendants' additional non-discretionary compensation practices; and

Defendants' payment of only half-time for overtime hours. These practices violate the FLSA and all Plaintiffs who are or were subject to such unlawful practices are owed damages pursuant to the FLSA.

## JOINT EMPLOYER FACTUAL ALLEGATIONS

423. Waste Pro USA is a corporation that provides commercial and residential waste collection services and operates over 75 locations in Alabama, Arkansas, Florida, Georgia, Louisiana, Mississippi, Tennessee, North Carolina, and South Carolina.

424. Waste Pro USA issued a press release on October 24, 2017, in which it acknowledged that it "has revenues projected to exceed $640 million this year, is headquartered in Longwood and its [sic] nine-state footprint includes more than 2 million customers, more than 3,200 employees, and 2,400 collection trucks. In Florida, Waste Pro has more than 28 operating locations."

425. Waste Pro USA is the parent company of subsidiaries throughout the southeast, including Waste Pro Florida.

426. Waste Pro USA is the only shareholder of each subsidiary.

427. Subsidiaries of Waste Pro USA list Waste Pro USA's corporate headquarters in Longwood, Florida as their principal place of business.

428. Subsidiaries, such as Waste Pro Florida, do not have a Board of Directors.

429. Subsidiaries such as Waste Pro Florida are also in the business of handling waste and recycling for residential and commercial clients.

430. John Jennings ("Jennings") is the chairman of the board of Waste Pro USA.

431. As of the most recently filed annual reports, John Jennings also serves as the CEO and President of Waste Pro Florida subsidiaries.

432.    Waste Pro USA employees are "led by Regional vice presidents and a streamlined corporate staff in Longwood, Florida."

433.    The "streamlined corporate staff in Longwood is comprised of a Fleet Manager, Chief Financial Officer, Chief Development Officer, Vice President of Market Development, Chief Marketing Officer, Human Resources Director, and Fred Wood (Senior Vice President).

434.    All of these employees report to John Jennings, who directs Waste Pro USA and its subsidiaries, the "largest, full-service, **vertically integrated** waste management companies."

435.    The CEO of Waste Pro USA hires Regional Vice Presidents ("RVPs") to oversee certain regions of their operations.

436.    The decision to fire an RVP comes from the Waste Pro USA Board of Directors.

437.    There are seven RVPs in total -- five in Florida, one in Louisiana, one in Mississippi, and one in Tennessee.

438.    RVPs oversee regions of Waste Pro USA's operations that span across several different subsidiaries.

439.    John Jennings recruited Ralph Mills in mid-2006 and hired Mills as Waste Pro Florida's first RVP.

440.    Mr. Mills serves (or served) as the RVP of the Coastal Region.

441.    The RVPs report to the CEO of Waste Pro USA, John Jennings, who held the CEO title at WP USA from the company's inception in approximately 2001 until approximately 2016 when Tim Herman assumed that role.

442.    RVPs represent themselves as employees of Waste Pro USA.

443.    Waste Pro USA's CEO corresponds with the RVPs to determine the profitability of each region.

444.    The RVPs communicate with John Jennings regularly to discuss business matters, such as potential property acquisitions in their regions.

445.    Roughly three times a year, Jennings has a meeting with the RVPs to discuss the status of the regions. Other corporate directors, such as Shannon Early (Waste Pro USA's Vice President of Human Resources), also attend these meetings.

446.    Jennings also provides financial support to the regions, such as purchasing all of the waste disposal trucks for the regions, including Waste Pro Florida.

447.    Jennings works with investment bankers and investors and acquires money for business needs.  In the past, Jennings posted the assets of Waste Pro USA's subsidiaries as collateral to obtain financing for the business.

448.    Equipment, such as garbage trucks, containers, carts and bins, are Waste Pro USA's largest capital expenditures and can cost $10 - $20 million so that the company can be equipped to provide trash removal services.

449.    Employees of Defendant Waste Pro USA are also involved in litigation and Department of Labor investigations involving subsidiaries.

450.    Waste Pro USA maintains a corporate logo affixed to its garbage trucks of subsidiaries.

451.    Once a week, RVPs conduct a conference call to discuss the needs and successes of their regions across Waste Pro USA subsidiaries.

452.    Waste Pro USA maintains a company-wide website.

453.    Under the website's "Leadership" tab, all upper management post their pictures and titles.

454.    John Jennings is identified as the "Chairman & CEO."

455.    The RVPs are all listed under Waste Pro USA's Leadership Section.

456.    In an email sent from Judi Craigo, Waste Pro USA's Director of Payroll and Human Relations Systems, to Sharon Tolopka, Waste Pro USA's Chief Accounting Officer, Ms. Craigo attached an auditing document that states, in part: "[WP USA] currently employs approximately 2800 people, with approximately 500 salary and 2300 hourly."

457.    In Trash Talk, Vol. 2, Iss. 1, a publication issued by Waste Pro USA, Jennings applauds the employees at all subsidiaries for adhering to Waste Pro USA's core values and states that WP USA has instituted a "Leadership Program that will ultimately involve each of you. You should have received a flyer outlining in detail our Core Values . . . **it is my privilege to lead each and every one of you into the next exciting Waste Pro decade**."

458.    Waste Pro USA has admitted in a prior litigation that it was an employer and employed a Driver which was also paid by the day rate method.

459.    Employees' pay changes must come through the Corporate Human Resources department at Waste Pro USA.

460.    Waste Pro USA has indicated that no supervisor or member of management, except John Jennings (Waste Pro USA President & CEO), has the authority to bind the company to any employment contract for any specified period of time with any employee, either verbally or in writing.

461.    Waste Pro USA handles payment of wages to Helpers.

462.    Jennings and Early, Waste Pro USA employees, are involved with bonus decisions for employees at subsidiaries.

463.    Waste Pro USA handles the explaining and coordinating of benefits and Waste Pro USA directs Plaintiffs to contact Waste Pro USA Human Resources regarding bonuses.

464.    Waste Pro USA defines the workweek and pay periods which are the same for all Plaintiffs.

465.    Waste Pro USA prepared a presentation which purports to explain how the day rate practice works.  Waste Pro USA explained the day rate compensation practice using this same presentation at all subsidiaries, including Waste Pro Florida.

466.    Early, in her capacity of Director of Human Resources at Waste Pro USA, created an Employee Handbook with the intention that it be applicable to each of Waste Pro USA's subsidiaries.

467.    Early and Employment Manager, Erika Boyles, of Waste Pro USA created a common job description for all subsidiaries.

468.    WP USA tells its employees, including Plaintiffs, when they are hired:

**Welcome to Waste Pro USA!**

Dear Employee:

You and Waste Pro USA have made an important decision: The Company has decided you can contribute to our success, and you've decided that **Waste Pro USA** is the organization where you can pursue your career productively and enjoyably.

469.    Waste Pro USA's employee handbook covers all aspects of employment, including, among many others, work rules, compensation and benefits policies, and timekeeping and attendance policies.

470.    Waste Pro USA directs Plaintiffs in the employee handbook to follow the policies and procedures outlined in this Handbook.

471.    Waste Pro USA warns Plaintiffs that any violation of these policies and procedures or any other Waste Pro policy, practice or procedure will subject me to disciplinary action, up to and including termination of employment, with or without progressive discipline.

472. Waste Pro USA issues "Absolute Rules" which all employees must follow while performing their work.

473. These corporate policies and procedures are available on the Waste Pro USA intranet and apply to all of its subsidiaries.

474. Waste Pro USA issues many other common policies and procedures that direct how Plaintiffs need to perform their work. For example, the DOT Procedures and Vehicle Operations policy is 217 pages long.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.**
**On behalf of Plaintiffs against Waste Pro USA and Waste Pro Florida, jointly and severally**

475. Plaintiffs reassert and re-allege the allegations made in all preceding paragraphs herein.

476. Plaintiffs are employees of Defendants within the meaning of the FLSA.

477. Defendants jointly employed Plaintiffs within the meaning of the FLSA.

478. Plaintiffs worked more than 40 hours during their employment with Defendants as Helpers and were not paid overtime wages at time and one-half of their regular rates of pay in violation of the FLSA.

479. Defendants, in failing to pay Plaintiffs time and a half overtime premium pay when they work more than forty hours per week, have violated the FLSA.

480. While dividing total pay by total hours worked, whatever their number, may be permissible for true "day rate" employees, Defendants do not pay a true "day rate." Defendants do not pay a "flat sum for a day's work or for doing a particular job, ***without regard to the number of hours worked in the day or at the job***…" 29 C.F.R. § 778.112. (emphasis added). Instead, Defendants pay one-half of their alleged "day rate" when Plaintiffs work less than 4.0

hours in a day.  Accordingly, Defendants should have divided Plaintiffs' total pay by forty (40) hours to determine the regular rates of pay and paid for all overtime hours worked at time and a half of the regular rate of pay.

481.    29 C.F.R. § 778.112 provides as follows:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, ***and if he receives no other form of compensation for services,*** his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

*Id.* (emphasis added).

482.    Defendants have also violated by the FLSA by paying an ostensible "day rate" and a half-time premium while also paying non-discretionary bonuses, including but not limited to safety/performance and help bonuses, which are another form of compensation.

483.    Defendants' failure to pay a time and a half overtime premium has been willful in that they knew that they were not paying a true and proper "day rate" as defined by 29 C.F.R. § 778.112 and yet used the half-time rate of overtime calculation nonetheless.

484.     As a result of Defendants' violations of the FLSA, Plaintiffs have suffered damages and are entitled to recovery of such damages, liquidated damages, attorneys' fees, costs.

485.    Plaintiffs jointly, severally, or in the alternative assert a right to relief under the FLSA with respect to or arising out of the Defendants' common pay practices. As such, there are questions of law or fact common to all Plaintiffs that will arise in the action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for the following relief:

A.    Unpaid overtime under the FLSA;

B.    Liquidated damages permitted under the FLSA;

C.     Attorneys' fees and costs of suit, including expert fees; and

D.     Such other relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by the Complaint.

Dated:  June 19, 2020
       Boca Raton, Florida                   Respectfully submitted,

By:*/s/ Gregg I Shavitz*
Gregg I. Shavitz
Logan A. Pardell
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Tel: (561) 447-8888
Fax: (561) 447-8831
gshavitz@shavitzlaw.com
lpardell@shavitzlaw.com

Michael J. Palitz*
SHAVITZ LAW GROUP, P.A.
800 Third Avenue, Suite 2800
New York, New York 10022
Tel:  (800) 616-4000
mpalitz@shavitzlaw.com


Richard E. Hayber*
Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, Connecticut 06106
Tel: (860) 522-8888
rhayber@hayberlawfirm.com

Nicholas A. Migliaccio*
Jason S. Rathod*
Erick Quezada*
MIGLIACCIO & RATHOD LLP
412 H St., NE
Suite 302

Washington, DC 20002
Tel:  (202) 470-3520
Fax:  (202) 800-2730
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

D. Aaron Rihn*
ROBERT PEIRCE & ASSOCIATES, P.C.
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219-1918
Tel:  412-281-7229
arihn@peircelaw.com

*Attorneys for Plaintiffs*


 *\* application for admission pro hac vice*
*forthcoming*